# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document relates to:<br>*The City of Muscle Shoals, Ala., et al. v. 3M Company, Inc., et al.*, No. 2:24-cv-07479-RMG<br><br>*Colbert County, Ala., et al. v. 3M Company, Inc., et al.*, No: 2:24-cv-07480-RMG |

## 3M COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS THE CITY OF MUSCLE SHOALS, ALABAMA, AND COLBERT COUNTY, ALABAMA'S CASE-SPECIFIC MOTION TO REMAND

3M Company hereby opposes the Case-Specific Motion to Remand filed by Plaintiffs The City of Muscle Shoals, Alabama, and Colbert County, Alabama (together, "Plaintiffs"), ECF No. 6610 ("Motion") in relation to *The City of Muscle Shoals, Alabama, et al. v. 3M Company, et al.*, No. 2:24-cv-07479-RMG and *Colbert County, Alabama, et al. v. 3M Company*, No. 2:24-cv-07480.[1] Plaintiffs' motion should be denied. Rather than repeat the factual background and legal arguments relevant to the remand motion, 3M incorporates its briefing on Plaintiffs' motions to remand filed in the Northern District of Alabama prior to transfer. *Muscle Shoals* Dkt. #1, 19, 34, 43, 44; *Colbert County* Dkt. #1, 16, 31, 39, 40. That briefing establishes that removal was proper because (1) 3M's notices of removal for these cases were timely filed and (2) 3M alleged a colorable government contractor defense. Nothing in Plaintiffs' new motion changes this result and, accordingly, Plaintiffs request for remand should be denied.[2]

---

[1] If not otherwise noted, "ECF No." refers to entries on this Court's docket for No. 2:18-mn-02873. Other references to case numbers and docket numbers are to other cases pending in this MDL.

[2] On January 30, 2025, 3M submitted its Motion to Strike Duplicative Motion for Remand on the grounds that Plaintiffs' motion is duplicative of briefing on Plaintiffs' motions to remand filed in the transferor court. ECF No. 6619. As of the time of this writing, that motion remains pending.

**ARGUMENT**

I.   **3M alleged a colorable federal defense to support removal of these cases, and Plaintiffs' reliance on the Court's summary judgment ruling to argue otherwise is misplaced.**

As 3M explained in the prior briefing, it has alleged a colorable government contractor defense to support removal of these cases. *Muscle Shoals* Dkt. #19 at 35-43; *Colbert County* Dkt. #16 at 35-43. At the removal stage, 3M does not have to prove its defense. Instead, "a defendant's notice of removal need include only . . . *plausible* allegation[s]" supporting removal, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added), and courts must "credit the [removing defendant's] theory of the case," *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 432 (1999). A federal defense is colorable "unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Moore v. Elec. Boat Co.*, 25 F.4th 30, 37 (1st Cir. 2022) (internal quotations omitted). A defendant "need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *see also id.* (the defense need not be "clearly sustainable"); *Cuomo v. Crane Co.*, 771 F.3d 113, 116 (2d Cir. 2014) ("Precisely in those cases where a plaintiff challenges the factual sufficiency of the defendant's defense, the defendant should 'have the opportunity to present [his] version of the facts to a federal, not a state, court.'" (quoting *Willingham*, 395 U.S. at 409)); *In re AFFF Prods. Liab. Litig.*, 2019 WL 2807266, at *3 (D.S.C. May 24, 2019) ("[T]he defense need not be clearly sustainable to justify removal as merely 'colorable.'" (quotation marks omitted)).

Plaintiffs erroneously invoke this Court's order denying Defendants' motion for summary judgment on the merits of their government contractor defense, *In re AFFF Prods. Liab. Litig.*, 2022 WL 4291357 (D.S.C. Sept. 16, 2022) ("GCD Order"); *see* Mot. at 2-7, but for several reasons,

the GCD Order is entirely compatible with 3M's removal of this case based on federal officer jurisdiction.

First, 3M was not required to *prove* its defense to *remove* these cases; rather, 3M only needed to plead a "colorable" defense, *Willingham*, 395 U.S. at 407, based on "plausible allegation[s]," *Dart Cherokee Basin Operating*, 574 U.S. at 89; *see also In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 5835311, at *2-3 (N.D. Fla. Oct. 1, 2020) (upholding federal officer removals, notwithstanding same judge's prior order in the same case granting summary judgment *against* defendant on the merits of its defense, because removal standard and summary-judgment standard are different). And this Court has already held on multiple occasions that similar allegations by 3M and other AFFF manufacturers are sufficient to plead the government contractor defense for purposes of federal officer removal. *See, e.g.*, *In re AFFF*, 2019 WL 2807266, at *3. The Court should do the same again here.

Second, far from precluding 3M's assertion of a government contractor defense, the Court's ruling—even at the summary judgment stage—made clear that 3M was entitled to make "a full factual presentation at trial" and have its defense resolved "by a final jury verdict." *In re AFFF*, 2022 WL 4291357, at *15; *see also id.* at *12 ("summary judgment is inappropriate and the parties will have the opportunity at trial to litigate, and the jury to decide, these hotly contested issues"). The Court's determination that 3M's government contractor defense raises triable issues of fact necessarily means that the defense is at least colorable for purposes of removal based on federal officer jurisdiction, and 3M is therefore entitled to present these facts to, and have its federal defense decided by, a federal jury.

Third, Plaintiffs argue that the GCD Order found that the government did not know the risks of AFFF by 2001, when 3M ceased manufacturing AFFF at the Decatur facility. Mot. at 4.

3

Thus, according to Plaintiffs—and notwithstanding the Court's holding in the GCD Order that there are numerous fact issues on the government contractor defense to be resolved at trial—3M cannot establish that the United States approved reasonably precise specifications for the MilSpec AFFF manufactured at 3M's Decatur, Alabama facility that 3M cited in removing these cases.[3] Mot. at 2-7. But this argument is inconsistent with the continued-use doctrine itself, which recognizes that "a contractor may satisfy the first prong of *Boyle* by showing that the government *continued* to use the product *after* acquiring full knowledge of its defects and risks." *In re AFFF*, 2022 WL 4291357, at *4 (emphasis added). Thus, the doctrine looks to the government's conduct *after* it became aware of the risks of the product, whenever that might be. And if the government continued to use the product after becoming aware of the risks, the first *Boyle* element is satisfied for all injuries allegedly arising from the product—irrespective of whether the injuries stem from product use before, or after, the time the government became aware of the risks. *See* Defendants' Omnibus Memorandum of Law in Support of Their Motion for Partial Summary Judgment on the First Element of the Government Contractor Immunity Defense, ECF No. 1965-1 at 45-49 (citing *Brinson v. Raytheon Co.*, 571 F.3d 1348, 1352 (11th Cir. 2009); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 95 (2d Cir. 2008); *Lewis v. Babcock Indus.*, 985 F.2d 83, 89 (2d Cir. 1993); *Dowd v. Textron, Inc.*, 792 F.2d 409, 410 (4th Cir. 1986)).

## II.     3M did not waive its right to remove these actions under 28 U.S.C. § 1442.

---

[3] In the GCD Order, the Court applied the three-part test from *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), to determine whether a party can raise the government contractor defense: (1) the United States approved reasonably precise specifications; (2) the product conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the product that were known to the supplier but not known to the United States. *In re AFFF*, 2022 WL 4291357, at *4. The Court denied defendants' affirmative motion for summary judgment on the defense based on its conclusion that there are genuine disputes of material fact regarding the first *Boyle* prong. *Id*. at *15. The Court did not reach the other prongs.

As 3M has explained at length (*Muscle Shoals*, Dkt. #19 at 10-19; *Colbert County*, Dkt. #16 at 10-19), the notices of removal for these actions were timely filed under 28 U.S.C. § 1446(b). Based on its own investigation of the products it manufactured at the Decatur facility, 3M filed the notices of removal in August 2024 shortly after receiving Plaintiffs' July 19, 2024 responses to 3M's requests for admission in which Plaintiffs appeared to disavow the purported disclaimers in their complaints and for the first time stated that they intended to seek recovery of damages for injuries allegedly traceable to AFFF manufactured by 3M. *Muscle Shoals*, Dkt. #19 at 14-15; *Colbert County*, Dkt. #16 at 14-15.

Plaintiffs' argument (at 7-10) that 3M nevertheless "waived" the right to remove is unpersuasive. In support, they principally rely on *Northrop Grumman Tech. Serv., Inc. v. DynCorp Int'l LLC*, 865 F.3d 186 (4th Cir. 2017), but that case is easily distinguished. In *Northrop Grumman*, the court held that Northrop's removal based on allegations in DynCorp's counterclaims was untimely. First, the court held that, at the very latest, Northrop's receipt of DynCorp's amended counterclaims triggered the 30-day removal period under 28 U.S.C. § 1446(b)(3) because that paper made Northrop's right to remove "unequivocally clear and certain." *Northrop Grumman*, 865 F.3d at 187 & n.5. Because Northrop did not remove the case within 30 days of its receipt of those counterclaims, removal was untimely under § 1446(b)(3). *Id.* at 187-88.

The court also stated that a party could waive its right to remove "only in 'extreme situations,' when judicial economy, fairness, and comity demand it." *Id*. at 186 (quoting *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)). The court found the facts to present such an extreme situation because Northrop filed a demurrer to the counterclaims, filed a motion for

5

summary judgment on one of the counterclaims, and engaged in extensive discovery on the counterclaims prior to filing its notice of removal. *Id.* at 188.

Unlike *Northrop Grumman*, 3M's deadline to remove under § 1446(b)(3) was never triggered in these cases because Plaintiffs never served 3M with any paper that on its face made "unequivocally clear and certain" 3M's entitlement to remove these cases based on federal officer jurisdiction.[4] *Muscle Shoals*, Dkt. #19 at 14-19; *Colbert County*, Dkt. #16 at 14-19. To the contrary, Plaintiffs continue to maintain that their purported disclaimers preclude any basis for removal. Mot. at 10-12. In any event, the only paper that could possibly satisfy this burden to trigger the 30-day removal clock is the RFA response, and 3M removed less than 30 days after it was served with the response.

Additionally, Plaintiffs do not point to any conduct that 3M took in the state court actions between the time it received the RFA responses on July 19, 2024, and the time it removed the cases on August 5, 2024. *See* Mot. at 8-9. 3M, therefore, did not knowingly and intentionally pursue the action in state court instead of removing the matters once it received Plaintiffs' RFA responses indicating that Plaintiffs' claims encompass damages allegedly traceable to 3M's production of MilSpec AFFF. This does not come close to the sort of "extreme situation[]" that the court found in *Northrop Grumman*.

---

[4] The only other case Plaintiffs cite in their motion purporting to apply waiver to removal under the federal officer removal statute, *City of Martinsville, Virginia v. Purdue Pharma, L.P.*, 2024 WL 42198847 (W.D. Va. Sept. 16, 2024), likewise found that the removal was untimely because the matter was removed more than 30 days after the obligation to remove under 28 U.S.C. § 1446(b)(3) was triggered. *Id.* at *10. In addressing waiver, the court found that the defendant engaged in significant "affirmative action to continue to litigate in state court" after "its right to remove was clear." *Id.* at *12-13. Here, Plaintiffs do not point to any such "affirmative action to continue to litigate in state court" by 3M after Plaintiffs served the RFA responses on which the notices of removal rely to support the assertion of federal officer jurisdiction.

**III.     Plaintiffs' purported disclaimer does not bar removal.**

3M has explained at length why Plaintiffs' purported disclaimers do not bar removal. *Muscle Shoals*, Dkt. #19 at 30-35, Dkt. #44; *Colbert County*, Dkt. #16 at 30-35, Dkt. #40. In their motion, Plaintiffs (at 10-12) rely on a recent district court case, *Connecticut v. EIDP*, 2024 WL 5135601 (D. Conn. Dec. 17, 2024), finding that Connecticut disclaimed recovery for any harm arising from MilSpec AFFF and therefore there was no basis for removal. That case, however, does not add anything to the Court's analysis. First, *Connecticut* explicitly disagreed with contrary *appellate* authority supporting 3M's position. *Id.* at *7 (declining to follow *People ex rel. Raoul v. 3M Co.*, 111 F.4th 846 (7th Cir. 2024)). 3M submits that, as explained in its prior briefing, *Raoul* and the First Circuit's decision in *Government of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024), should guide the Court's analysis. Second, *Connecticut* is pending on appeal, so the Second Circuit will weigh in on the issue.

Third, although the district court in *Connecticut* cited this Court's remand order in *State of South Carolina v. 3M Co.*, 2024 WL 1470056 (D.S.C. Feb. 24, 2024), which is currently pending on appeal, as support for its decision, both cases are distinguishable. *Raoul* and *Express Scripts* make clear that where a party seeks recovery for an injury arising from commingled products, some of which are subject to a government contractor defense and others not, an attempt to preclude federal jurisdiction by disclaiming damages from the products subject to the defense is ineffective because the determination of damages will necessary require allocation between the products subject to the defense and those that are not. *Muscle Shoals*, Dkt. #19 at 3-4, 20-24, Dkt. #44; *Colbert County*, Dkt. #16 at 3-4, 20-24, Dkt. 40. In such cases, the defendant asserting the government contractor defense is entitled to have that allocation made by a factfinder in federal court. *Id.* Here, Plaintiffs cannot disavow recovery in a way that avoids the commingling issue—

3M manufactured both MilSpec AFFF and other PFAS products at the very Decatur, Alabama facility that Plaintiffs themselves identify in their complaints as a source of the PFAS discharges that allegedly caused them injury. Those products are comingled in the environment, and assuming Plaintiffs stick with their disclaimer, an allocation of MilSpec AFFF and other PFAS products will need to be performed to arrive at a proper damages figure. Under *Raoul* and *Express Scripts*, that allocation must be performed in federal court.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' request to remand their cases back to state court.

Dated: February 11, 2025                                    Respectfully submitted,

/s/ *Michael A. Olsen*

| | |
|---|---|
| Michael A. Olsen | Brian Duffy |
| Mayer Brown LLP | Duffy & Young LLC |
| 71 South Wacker Drive | 96 Broad Street |
| Chicago, IL 60606 | Charleston, SC 29401 |
| P: (312) 701-7120 | P: (843) 720-2044 |
| F: (312) 706-8742 | F: (843) 720-2047 |
| molsen@mayerbrown.com | bduffy@duffyandyoung.com |

*Counsel for Defendant 3M Company*