**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*City of Columbia v. 3M Co.,*<br>Case No. 2:24-cv-03794-RMG;<br><br>*City of Muscle Shoals, Ala. v. 3M Co.,*<br>Case No. 2:24-cv-07479-RMG;<br><br>*Colbert Cnty., Ala. v. 3M Co.,*<br>Case No. 2:24-cv-07480-RMG;<br><br>*Town of Cheraw v. 3M Co.,*<br>Case No. 2:25-cv-00679-RMG;<br><br>*City of Georgetown v. 3M Co.,*<br>Case No. 2:25-cv-00680-RMG;<br><br>*Georgetown Cnty. Water & Sewer Dist. v. 3M Co.,*<br>Case No. 2:25-cv-00681-RMG;<br><br>*Joint Municipal Water & Sewer Comm'n v. 3M Co.,*<br>Case No. 2:25-cv-00711-RMG;<br><br>*Saluda Cnty. Water & Sewer Auth. v. 3M Co.,*<br>Case No. 2:25-cv-00810-RMG;<br><br>*Town of Whitmire v. 3M Co.,*<br>Case No. 2:25-cv-00811-RMG;<br><br>*Town of Lexington v. 3M Co.,*<br>Case No. 2:25-cv-00827-RMG;<br><br>*Berkeley Cnty. v. 3M Co.,*<br>Case No. 2:25-cv-00825-RMG |

**3M COMPANY'S MOTION TO STAY
<u>BRIEFING OF PLAINTIFFS' MOTIONS FOR REMAND</u>**

Defendant 3M Company, by and through its undersigned counsel, respectfully moves this Court for an order staying briefing on all motions for remand filed in the above-referenced actions pending final resolution of proceedings in the Fourth Circuit regarding *State of Maryland v. 3M Co.,* No. 24-1218. In support of its motion, 3M states as follows:

1. On March 14, 2025, this Court issued an order denying without prejudice all then-pending motions for remand filed by Plaintiffs in the above-referenced actions "in light of the Fourth Circuit's ruling in the consolidated action *Maryland v. 3M Co.*, No. 24-1218, 2025 WL 727831 (4th Cir. Mar. 7, 2025)." The order permitted Plaintiffs to "renew their motion and briefing, taking into account the Fourth Circuit's opinion in *Maryland*, within 30 days of this order." ECF. #6790.

2. On the same day and for similar reasons, the Court granted Plaintiffs in the above-referenced cases in which no motion for remand had yet been filed a 30-day extension of time to file any motions for remand. ECF #6789.

3. Since that time, plaintiffs in *Maryland* have filed a petition for rehearing *en banc*, and the Fourth Circuit requested 3M's response to plaintiff's petition for rehearing, which 3M has provided.[1] *State of Maryland v. 3M Co.,* 4th Cir. Appeal No. 24-1218, Docs. 64, 65.

4. On April 4, 2025, Plaintiffs Muscle Shoals and Colbert County renewed their motions for remand. ECF #6919.

5. On April 10, 2025, Plaintiffs City of Columbia, City of Georgetown, and Joint Municipal Water and Sewer Commission renewed their motions for remand (ECF #6959, 6964, 6962), and Plaintiff Saluda County Water and Sewer Authority filed its motion for remand (ECF

---

[1] In the Pending Motions filed on April 10, 2025, Plaintiffs claim "[t]his Petition has been granted." *See, e.g.,* ECF #6959-1 at 8. That is incorrect. In reality, the order Plaintiffs cite merely requested that 3M respond to the petition. The Fourth Circuit has not yet ruled on the petition.

2

#6961).

6. On April 11, 2025, Plaintiff Town of Cheraw renewed its motion for remand. ECF #6970.

7. Between April 11-16, 2025, Plaintiffs Georgetown County Water and Sewer District, Town of Whitmire, Town of Lexington, and County of Berkeley filed their motions for remand. ECF #6969, 6978, 6987, 6998.

8. Collectively, ECF #6919, 6959, 6961, 6962, 6964, 6969, 6970, 6978, 6987, and 6998 are the pending motions for remand in the above-reference cases (the "Pending Motions").

9. In the Pending Motions, Plaintiffs seek remand on grounds they argue to be independent of the Fourth Circuit's ruling in *Maryland*, while reserving their right to argue in the future "that remand is warranted based upon their explicit disclaimer of AFFF in the event that the Fourth Circuit's holding in *Maryland* ... is altered upon *en banc* review or other court action." ECF #6919 at 4, n.5. *See also, e.g.,* ECF #6959-1 at 8, n. 4.

10. 3M currently faces deadlines ranging from May 5 to May 16, 2025 to respond to the Pending Motions. *See* ECF #6779 at 2, 6789, 6790. However, it makes little sense for the parties to engage in piecemeal briefing of Plaintiffs' alleged grounds for seeking remand.

11. Nor does it make sense for the Court to expend its resources considering the Pending Motions while Plaintiffs continue reserve their rights with respect to the Fourth Circuit's decision in *Maryland*—the very reason the Court ordered entirely new briefing of the remand motions in the above-referenced cases in the first place.

12. As such, 3M requests that the Court stay all further briefing on the Pending Motions until after the Fourth Circuit issues its mandate in *Maryland* and the full scope of Plaintiffs' arguments for remand can be argued and addressed at once. After the mandate in *Maryland* has

issued, the Parties can confer on an appropriate briefing schedule for all affected motions, and the Court may wish to consider addressing any remaining issues regarding the jurisdictional questions in *South Carolina* before further briefing or submission of any remand motions in the above-referenced actions (or others).

13.     Pursuant to Local Rule 7.04, no supporting memorandum is required for this motion as a full explanation of the motion is contained herein and a memorandum would serve no useful purpose.

14.     Pursuant to Local Rule 7.02, counsel for 3M conferred with counsel for Plaintiffs before filing this motion.  Plaintiffs oppose the relief requested.

WHEREFORE, 3M Company respectfully requests that the Court stay all further briefing on the Pending Motions until the Fourth Circuit issues its mandate in *Maryland*.

Dated: April 17, 2025

Respectfully submitted,

*s/ Michael A. Olsen*
Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 782-0600
molsen@mayerbrown.com

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Counsel for Defendant 3M Company*